NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

Rockingham
No. 2020-0470

SCOTT PAINE

v.

RIDE-AWAY, INC.

Argued: October 14, 2021
Opinion Issued: January 14, 2022

Employee Rights Group, of Portland, Maine (Allan K. Townsend on the brief), and Backus, Meyer, and Branch, LLP, of Manchester (Jon Meyer on the brief and orally), for the plaintiff.

Devine Millimet & Branch, P.A., of Manchester (Mark D. Attorri and Lynnette V. Macomber on the brief, and Mark D. Attorri orally), for the defendant.

American Civil Liberties Union of New Hampshire Foundation, of Concord (Gilles R. Bissonnette and Henry R. Klementowicz on the joint brief), and Disability Rights Center of New Hampshire, of Concord (Pamela E. Phelan and Sarah J. Jancarik on the joint brief), as amici curiae.

MACDONALD, C.J.  The plaintiff, Scott Paine, appeals a decision of the Superior Court (St. Hilaire, J.) granting judgment on the pleadings for his employment discrimination claim against the defendant, Ride-Away, Inc.  See RSA ch. 354-A (2009 & Supp. 2021).  The sole question before us is whether the court erred in ruling that the use of therapeutic cannabis prescribed in accordance with New Hampshire law cannot, as a matter of law, be a reasonable accommodation for an employee's disability under RSA chapter 354-A.  We reverse and remand.

The complaint alleges the following facts, which we accept as true.  See Sivalingam v. Newton, 174 N.H. ___, ___ (decided Oct. 5, 2021) (slip op. at 4) (explaining that, in reviewing a motion seeking judgment on the pleadings, we assume the truth of the facts alleged by the plaintiff and construe all reasonable inferences in the light most favorable to the plaintiff).  The plaintiff has suffered from Post-Traumatic Stress Disorder (PTSD) for many years, which substantially limits a major life activity.  He was employed by the defendant at its facility in Londonderry as an automotive detailer in May 2018.  In July 2018, his physician prescribed cannabis to help treat his PTSD and the plaintiff enrolled in New Hampshire's therapeutic cannabis program.  See RSA ch. 126-X (Supp. 2021).

The plaintiff submitted a written request to the defendant for an exception from its drug testing policy as a reasonable accommodation for his disability.  The plaintiff explained that he was not requesting permission to use cannabis during work hours or to possess cannabis on the defendant's premises.  The plaintiff was informed that he could no longer work for the company if he used cannabis.  After the plaintiff notified the defendant that he was going to treat his PTSD with cannabis, his employment was terminated in September 2018.

The plaintiff sued for employment discrimination, based upon the defendant's failure to make reasonable accommodation for his disability.  See RSA 354-A:7, VII(a).  The defendant moved for judgment on the pleadings, asserting that, because marijuana use is both illegal and criminalized under federal law, the requested accommodation was facially unreasonable.  Following a hearing, the trial court granted the defendant's motion.

The trial court acknowledged that, under RSA 354-A:7, VII(a), it is a discriminatory practice for an employer not to make reasonable accommodations for a qualified employee with a known disability unless the accommodation would impose an undue hardship on the employer's business.  The court concluded, however, that the definition of "disability" under RSA 354-A:2, IV "is contingent on the 'disability' not including current, illegal use of, or addiction to a controlled substance as defined in the [federal] Controlled Substances Act," which includes marijuana.  In addition, the court reasoned

2

that, although RSA chapter 126-X "makes clear that a qualifying patient may use marijuana for therapeutic purposes in New Hampshire even though it is still illegal to use under federal law," that statutory scheme "in no way obligates an employer to accommodate such use." The court subsequently denied as "futile" the plaintiff's motion to amend his complaint because, "as a matter of law, employers are not required to make reasonable accommodations for marijuana use." This appeal followed.

The plaintiff argues on appeal that the trial court erred in ruling that an employer cannot be required to accommodate an employee's use of therapeutic cannabis to treat a disability under RSA chapter 354-A. The plaintiff asserts that it is clear from the text of RSA 354-A:7, VII "that an across-the-board exclusion from the obligation of reasonable accommodation, as a matter of law, is inconsistent with its language." The defendant counters that RSA 354-A:2, IV "excludes illegal drug use from the scope of the statute's protections, and it expressly incorporates federal law to determine what drug use is 'illegal.'" Because marijuana "is still illegal under federal law," the defendant asserts that it "was under no duty to accommodate the plaintiff's marijuana use, even if it was off-site and even if he was an authorized user under RSA 126-X."

Resolving the question before us requires statutory interpretation. We review the trial court's statutory interpretation de novo. Anderson v. Robitaille, 172 N.H. 20, 22 (2019). We look first to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Id. We give effect to every word of a statute whenever possible and will not consider what the legislature might have said or add language that the legislature did not see fit to include. In re J.P., 173 N.H. 453, 460 (2020). We also construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result. Anderson, 172 N.H. at 22-23. We do not construe statutes in isolation; instead, we attempt to construe them in harmony with the overall statutory scheme. Id. at 22.

Under New Hampshire law, it is an unlawful discriminatory practice for an employer "not to make reasonable accommodations for the known physical or mental limitations of a qualified individual with a disability who is an applicant or employee," unless the employer "can demonstrate that the accommodation would impose an undue hardship on the operation of" its business. RSA 354-A:7, VII(a). "Disability" is defined as

(a) A physical or mental impairment which substantially limits one or more of such person's major life activities;

(b) A record of having such an impairment; or

(c) Being regarded as having such an impairment.

Provided, that "disability" does not include current, illegal use of or addiction to a controlled substance as defined in the Controlled Substances Act (21 U.S.C. 802 sec. 102).

RSA 354-A:2, IV.

A "[q]ualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." RSA 354-A:2, XIV-a. "Reasonable accommodation" may include "[j]ob restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." RSA 354-A:2, XIV-b(b).

We agree with the plaintiff that RSA chapter 354-A does not contain any language categorically excluding the use of therapeutic cannabis as an accommodation. The defendant asserts that because "the use of marijuana constitutes the 'illegal use of a controlled substance' for purposes of RSA 354-A," its "failure to accommodate such use is not discrimination because of a 'disability' within the meaning of the statute." The defendant's reading of the statute is incorrect.

RSA 354-A:2, IV defines "disability" and, in doing so, excludes from the law's protection an individual who claims a disability due to the "current, illegal use of or addiction to" a federally controlled substance. The plain language in RSA 354-A:2, IV precludes an illegal drug user or addict from asserting that his or her drug use or addiction is itself the basis for claiming a disability under the statute. Thus, under the statutory scheme, if an individual claims that illegal drug use or addiction is the condition for which that individual seeks a reasonable accommodation, that individual does not have a "disability" within the meaning of RSA 354-A:2, IV and is not a "qualified individual with a disability" within the meaning of RSA 354-A:2, XIV-a. In the case before us, however, the plaintiff's disability is PTSD, not the illegal use of or addiction to a controlled substance.

We hold that the trial court erred in determining that the use of therapeutic cannabis prescribed in accordance with RSA chapter 126-X cannot, as a matter of law, be a reasonable accommodation for an employee's disability under RSA chapter 354-A. Because the defendant's remaining arguments are based on its erroneous reading of RSA 354-A:2, IV, we need not address them. We agree with the plaintiff that because "[r]easonableness is intrinsically a factual determination," whether an accommodation is legally required "should be decided on a case-by-case basis depending on the specific facts of the case." Indeed, as the defendant concedes, "if it was under a legal

4

duty to accommodate the plaintiff's marijuana use, then the feasibility of his requested accommodation would be an issue requiring discovery and further proceedings below." Accordingly, we remand for further proceedings consistent with this opinion.

Reversed and remanded.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.